CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2019

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DERRICK EDWARDS, | CASE NO. 7:18CV373 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| P. SCARBERRY, | By: Hon. Glen E. Conrad |
| | Senior United States District Judge |
| Defendant. | |

Michael Derrick Edwards, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging that defendant P. Scarberry violated his First Amendment rights by retaliating against him for filing grievances. Scarberry has filed a motion for summary judgment arguing that Edwards failed to exhaust available administrative remedies before filing this action, in violation of 42 U.S.C. § 1997e(a). Edwards has responded, making this matter ripe for disposition. After review of the record, the court concludes that the defendant's motion for summary judgment must be granted.

I. BACKGROUND.

The uncontroverted record indicates that Edwards, at all times pertinent, was housed at Red Onion State Prison ("Red Onion") and Scarberry was the Director of Food Service at Red Onion. Edwards worked in the kitchen at Red Onion, under the supervision of Scarberry. Edwards was fired from his kitchen job on November 22, 2017.

---

[1] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

On November 18, 2017, Edwards filed an informal complaint alleging that "kitchen supervisors" were falsifying documents related to his job description and pay.[2] V.S. 3, ECF No. 3. On November 22, 2017, Scarberry wrote her response, stating her intent to fire Edwards. Edwards alleges that Scarberry "showed [him] the informal complaint . . . [and] told [him he] was fired." Compl. 4, ECF No. 1.

On December 5, 2017, Edwards submitted an informal complaint regarding being fired from his kitchen job. In the informal complaint, Edwards alleged that he "was retaliated against by P. Scarberry in the form of a job termination for writing an informal complaint on 11-18-17." Mem. Supp. Summ. J., Encl. E, ECF No. 17-1. Scarberry responded to the informal complaint on December 23, 2017.[3] Edwards explains that he waited until December 5, 2017 to file his informal complaint "because no mail was running due to the Thanksgiving holiday and [at] Red Onion State Prison [an inmate has] to ask a [sergeant] or above for complaint forms who rarely give them out." Edwards Decl. 2, ECF No. 23-1.

Edwards alleges that he filed regular grievances on December 27, 2017, January 4, 2018, and January 16, 2018. According to Edwards, he did not receive a receipt or response for the December 27, 2017, and January 4, 2018, grievances. Edwards sent the January 16, 2018, regular grievance to the Regional Office, not the Red Onion grievance office. The Regional Office received the grievance on January 19, 2018, and returned it to Red Onion, noting: "return to inmate

---

[2] Pursuant to Virginia Department of Corrections ("VDOC") policy, an inmate must first demonstrate a good faith effort to resolve a grievance informally through the procedures available at the institution. If such informal resolution effort fails, the inmate then must file a "Regular Grievance" within thirty calendar days from the date of the incident. Messer Aff., Encl. A, OP 866.1, Dkt. No. 17-1.

[3] Edwards alleges that he did not receive Scarberry's response to this informal complaint until Scarberry filed her motion for summary judgment. Attached to the motion for summary judgment, Scarberry provided a copy of the informal grievance, which indicates that a response was completed on December 23, 2017. Given the court's findings herein, whether Edwards received the written response from Scarberry on December 23, 2017 or when Scarberry filed her summary judgment motion, is immaterial to the court's analysis.

2

to file @ [Red Onion] for intake review." Mem. Supp. Summ. J. 5, ECF No. 17. The Red Onion grievance office received the regular grievance on February 12, 2018 and denied intake because the thirty-day filing period had expired. Edwards appealed the intake decision and the Regional Ombudsman upheld the decision, noting that the incident occurred on November 22, 2017.

Edwards filed additional regular grievances on February 2, 2018, February 4, 2018, and February 9, 2018,[4] sending them to the Regional Office instead of the Red Onion grievance office. These regular grievances were all summarily rejected for being time-barred or repetitive, or for Edwards' failure to use the informal grievance process.

Edwards then filed the present action. Edwards' sole claim is that Scarberry fired him in retaliation for his informal complaint about her employees, in violation of his First Amendment rights.

## II. DISCUSSION

### A. Standards of Review

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459,

---

[4] The February 9, 2018, grievance alleged that Red Onion Human Rights Advocate Messer refused to log in, review, or answer the grievances that Edwards filed. Edwards also argues that Messer threw away grievances. The February 9, 2018 grievance was returned to Red Onion on March 12, 2018, and on March 15, 2018, the Red Onion grievance office rejected it at intake, because Edwards had not used the informal procedure to resolve his complaint. Edwards did not appeal this decision.

3

465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." Anderson, 477 U.S. at 249.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. Celotex, 477 U.S. at 322-24; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Instead, the nonmoving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. Abcor Corp. v. AM Int'l, Inc., 916 F.2d 924, 930 (4th Cir. 1990) (quoting Anderson, 477 U.S. at 249-50).

B. Exhaustion

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that

procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006) (finding inmate's untimely grievance was not "proper exhaustion" of available administrative remedies under § 1997e(a)).

The court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aguilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); see Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

VDOC Operating Procedure ("OP") § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints and requires that, before submitting a formal grievance, an inmate must demonstrate that he has made a good faith effort to resolve a grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. The inmate may submit an informal complaint form to the appropriate department head, and prison staff must respond within fifteen calendar days. If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out and submitting the standard "Regular Grievance" form within thirty calendar days from the date of the incident.

A grievance meeting the criteria for acceptance, such as timeliness, is logged in on the day it is received. If the grievance does not meet the criteria for acceptance, prison officials complete the "intake" section of the grievance and return the grievance to the inmate. If the inmate desires a review of the intake decision, he must send the grievance form to the Regional Ombudsman. However, if review by the Regional Ombudsman does not result in acceptance of the grievance for intake, pursuing that appeal alone does not constitute exhaustion. Rather, to satisfy the

exhaustion requirement, the grievance must be accepted into the grievance process and appealed through the highest eligible level of review. Messer Aff., Encl. A, OP 866.1, Dkt. No. 17-1.

Here, the incident occurred on November 22, 2017, and Edwards filed his informal grievance on December 5, 2017, satisfying his good faith effort to resolve the grievance informally. Taking the evidence in light most favorable to Edwards, he filed his first regular grievance with the Red Onion grievance office on December 27, 2017, after the expiration of the thirty-day period. Edwards then filed additional regular grievances on January 4, 2018 and January 16, 2018, after the expiration of thirty-day time limit. Edwards appealed the January 16, 2018 intake rejection to the Regional Ombudsman, who upheld the intake decision that this grievance was untimely. Edwards also filed regular grievances on February 2, 2018, February 4, 2018, and February 9, 2018. It is undisputed that each of Edwards' regular grievances were filed more than thirty days after the incident. The Supreme Court made clear in Woodford, 548 U.S. at 90-94, that the untimely filing of a grievance is not "proper exhaustion" of available administrative remedies under § 1997e(a). None of Edwards' grievances was accepted into the grievance process as properly filed, and, therefore, the court concludes that Edwards did not exhaust available administrative remedies.

Liberally construed, Edwards argues that the grievance process was not readily available to him because it was difficult to obtain a grievance form at Red Onion. The court is unpersuaded by this argument. While at Red Onion, Edwards was able to file numerous informal complaints and regular grievances and did not claim that he was restricted in any way from filing the

grievances. Therefore, the court concludes that Edwards has not demonstrated that administrative remedies were unavailable to him.[5]

III. CONCLUSION

For the stated reasons, the court will grant the defendant's motion for summary judgment under § 1997e(a) as to Edwards' retaliation claim against Scarberry. Because the court finds it clear from the record that Edwards no longer has an available administrative remedy regarding this claim, the court will dismiss them with prejudice. An appropriate order will issue this day.

The clerk will send copies of this memorandum opinion and the accompanying order to the plaintiff and to counsel of record for the defendant.

ENTER: This 12th day of August, 2019.

_____
Senior United States District Judge

---

[5] In his summary judgment response, Edwards alleges that the Red Onion grievance office did not return the December 27, 2017 or January 4, 2018 regular grievances in order to interfere with Edwards' ability to exhaust available remedies or in violation of VDOC policy. Even taking these allegations as true, this contention does not change the court's exhaustion analysis, because these allegedly unreturned grievances were not timely filed in any event.

Moreover, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." Brown v. Angelone, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)). "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also Booker v. S.C. Dep't of Corr., 855 F.3d 533, 542 (4th Cir. 2017) (finding that inmate has no "constitutional entitlement to and/or due process interest in accessing a grievance procedure."). Red Onion's alleged failure to follow VDOC policy does not give rise to a constitutional violation.